[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this action, Ahmet Yilmaz Aksoz, has failed to pay child support in a consistent and timely fashion. As a result, pursuant to General Statutes § 46b-86(c) and § 42b-231(b)(14), the plaintiff, Sema Piatino (f/k/a Aksoz) sought enforcement of the support orders through the Child Support Enforcement Bureau.
The defendant has been found to be in contempt on several occasions including June 2, 1997 and August 23, 1997. On August 23, 1997, the defendant filed a motion for modification. Family Support Magistrate Sullivan heard the motion for modification November 6, 1997 and denied the motion. The defendant appealed the denial of the motion for modification to the Superior Court, and the court denied the appeal.
On or about January 15, 1998, the defendant filed another motion for modification which appeared on the calendar of the Family Support Magistrate. The defendant's attorney wrote to the plaintiff's attorney stating that he intended to proceed with the motion before the Superior Court.
Based on the facts presented in the parties' supporting memoranda, the defendant was brought before the Family Support Magistrate prior to his filing a motion for modification. General Statutes § 46b-86 (c) as amended by Public Acts, Spec. Session, June 1997, No. 97-2,[1] § 105 provides: "When one of CT Page 4182 the parties, or a child of the parties, is receiving or has received aid or care from the state under its [AFDC program as provided in Title IV-A of the Social Security Act] AID TO FAMILIES WITH DEPENDENT CHILDREN PROGRAM OR TEMPORARY ASSISTANCE FOR NEEDY FAMILIES PROGRAM or under its foster care program as provided in Title IV-E of the Social Security Act, or where one of the parties has applied for child support enforcement services under Title IV-D of the Social Security Act as provided in section 17b-179, AS AMENDED BY THIS ACT, such motion to modify shall be filed with the Family Support Magistrate Division for determination in accordance with subsection (m) of section 46b-231, AS AMENDED BY THIS ACT."
General Statutes § 46b-231(m)(4) as amended by Public Acts, Spec. Session, June, 1997, No. 97-1, § 67(m)(4) provides: "Motions for modification of existing child and spousal support orders entered by the Superior Court in IV-D support cases, including motions to modify existing child and spousal support orders entered in actions brought pursuant to chapter 815j, shall be brought in the Family Support Magistrate Division and decided by a family support magistrate, except that an order to modify existing child and spousal support orders entered in actions brought pursuant to chapter 815j shall be subject to the approval of a judge of the Superior Court and may be modified by such judge. Family support magistrates, in deciding if a spousal or child-support order should be modified, shall make such determination based upon the criteria set forth in § 46b-84
and § 46b-215 b, AS AMENDED BY SECTION 66 OF THIS ACT. A person who is aggrieved by a decision of a family support magistrate modifying Superior Court order is entitled to appeal such decision in accordance with the provisions of subsection (n) of this section."
A review of the legislative history of General Statutes § 4b-231 was not instructive in determining why the statute provides for both review by the Superior Court of an order of a family support magistrate and appeal to the Superior Court for one aggrieved by the decision of a family support magistrate. The language of the statute, however, indicates that where an action was originally brought to the Superior Court and orders were entered pursuant to Chapter 815j and the case becomes one where a party seeks assistance from the Connecticut Child Support Enforcement Bureau, the family support magistrate division takes jurisdiction. Any order to modify existing child and spousal support orders originally entered pursuant to Chapter 815j are, CT Page 4183 however, subject to review by a Superior Court judge who may modify the family magistrate's orders. The purpose of this seemingly dual avenue of redress may simply be to avoid the time and expense of the appeal process by allowing either an aggrieved or nonaggrieved party to obtain Superior Court approval. Indeed this approach may bypass the appeal process at the Superior Court level and allow appeal to the Appellate Court.
A review of the legislative history of General Statutes § 45b-86 (c), specifically Public Acts 1986, No. 86-359[2]
leads to the conclusion that the elimination of "judge" or forum shopping was one of the purposes behind the act. "The implementation of this magistrate system should provide a faster, more uniform handling of child support cases, a goal recognized as a national priority. . . . Much of the unavoidable delay in the judicial system, and even the practice known as `judge-shopping,'
would be curtailed by having a special system for child support." (Emphasis added.) Conn. Joint Standing Committee Hearings, Judiciary, Pt. 7, 1986 Sess., p. 2189, remarks of James G. Harris Jr, Commissioner of the Department of Human Resources. Additionally, the role of the Superior Court in AFDC cases and non-AFDC cases for which support enforcement services are being provided "would be limited to a review and appeal process except when families which are not receiving public assistance choose the option of petitioning through the Superior Court." Id.
In discussing the role of family support magistrates and the Superior Court, Commissioner Harris stated: "Full time magistrates will hear support matters both in AFDC cases and non-AFDC cases for whom support enforcement services are being provided by the Department of Human Resources, Bureau of Child Support of the Family Division of the Superior Court. The role of the Superior Court for such cases would be limited to a review and appeal process, except when families which are not receiving public assistance choose the option of petitioning through the Superior Court." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1986 Sess., p. 1948, remarks of James G. Harris Jr., Commissioner of the Department of Human Resources. Once again, the concept of "judge-shopping" was addressed by the Commissioner as follows: "Much of the unavoidable delays in the judicial system, and even the practice known as `judge shopping,' should be curtailed by having a specialized system for child support. The process would be streamlined and expedited." Id., 1949.
The defendant relies on Closius v. Closius, Superior Court, CT Page 4184 Judicial District of Fairfield at Bridgeport (Doherty, J.) (July 15, 1996) (17 CONN. L. RPTR. 192), for the proposition that the Superior Court "does not lose its jurisdiction to hear a motion to modify simply because a party seeks support enforcement." (Defendant's Memorandum of Law, p. 2.) In Closius, the plaintiff filed a motion to transfer the case from the Superior Court to the magistrate. The defendant's reliance on Closius, however, is misplaced because in Closius, "the defendant's motion to modify his support obligation was filed some four months before the plaintiff sought to become a client of the Bureau of Support." Closius v. Closius, supra, 17 CONN. L. RPTR. 192. TheClosius case is distinguishable from the present case where the defendant's motion to modify was filed after the plaintiff became a client of the Connecticut Child Support Enforcement Bureau. A party cannot go back and forth between a magistrate and a Superior Court judge depending on that party's like or dislike of the juris. Given the statutory opportunity for review of a magistrate's order by the Superior Court and appeal to the Superior Court, a party, such as the defendant in this case, must stay in the magistrate's court and follow the statutory procedure for either review by the Superior Court or appeal to the Superior Court.
Ordered that the pending motions are referred to the Family Support Magistrate for hearing.
HARRIGAN, J.